UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WANDA HEARD,

Plaintiff,

v.

UNITED STATES STEEL,

Defendant.

Case No. 06-cv-615-JPG

**MEMORANDUM AND ORDER**

**GILBERT, District Judge**:

This matter comes before the Court on defendant United States Steel Corporation's (U.S. Steel) motion to dismiss (Doc. 11), to which plaintiff Wanda Heard (Heard) has responded (Doc.26) and U.S. Steel replied (Doc. 28). For the following reasons, U.S. Steel's motion will be **GRANTED in part and DENIED in part**.

**BACKGROUND**

The Court draws the following facts from the well-pleaded allegations in the complaint, which it accepts as true for purposes of this motion. *Pitts v. City of Kankakee*, 267 F.3d 592, 593 (7th Cir. 2001).

Heard, a black woman, started working for U.S. Steel's predecessor, National Steel, in March of 1988. From the outset, her coworkers and supervisors harassed her. Among other things, they ridiculed her, called her a "cunt," hit her on the head with a notebook, hung a banana peel from the coat hook in her locker and transferred her from a desk job to a hard labor job. After she started to complain in 1993, the discrimination got worse. U.S. Steel terminated Heard's employment on June 11, 2004, when it converted a five-day suspension she received on June 9, 2004 to an outright discharge.

Heard filed a charge with the Equal Employment Opportunity Commission (EEOC) on August 31, 2005, claiming U.S. Steel discriminated against her because she is black, a woman and disabled. The EEOC issued a right to sue letter on March 24, 2006. She filed the instant action, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, in state court on June 22, 2006 and U.S. Steel removed this case on August 7, 2006. Though Heard's complaint is not entirely clear, it appears that she has attempted to state claims for sex- and gender-based harassment and retaliation (she believes the increased harassment and her termination were retaliation for her internal complaints). Elsewhere in her complaint, however, she alleges that her "ultimate termination [was] motivated by [her] sex and race."

U.S. Steel, pursuant to Federal Rule of Civil Procedure 12(b)(6), claims this case must be dismissed because Heard filed her charge with the EEOC too late and failed to exhaust her administrative remedies. Heard claims the August 31, 2005 charge relates back to her January 12, 2004 intake questionnaire regarding an incident which took place on October 7, 2003 (apparently referring to the notebook incident). She did not address U.S. Steel's arguments on exhaustion in her response to the motion to dismiss.

**ANALYSIS**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as true and draws all reasonable inferences in favor of the plaintiff. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005). The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove her claim under any set of facts consistent with the complaint. *Holman v. Indiana*, 211 F.3d 399, 405 (7th Cir. 2000). "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief,

dismissal under Rule 12(b)(6) is inappropriate." *Brown*, 398 F.3d at 909 (internal quotations omitted).

The statute of limitations and exhaustion are affirmative defenses. *Dandy v. United Parcel Serv.*, 388 F.3d 263, 270 (7th Cir. 2004); *Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000). As such, dismissal for those reasons on a motion to dismiss is normally inappropriate. *See Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003). Nevertheless, dismissal in these circumstances is proper when "the validity of the defense [is] apparent from the complaint itself, and unmistakable, so that the suit is fairly describable as frivolous." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (internal citations omitted). With this in mind, the Court will proceed to address the parties' arguments.

**I. Statute of Limitations**

Title VII forbids employers from discriminating against any individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Before an employee can sue under this provision, she must timely file a charge with, and receive a "right to sue letter" from, the EEOC. 42 U.S.C. § 2000e-5(b), (e) and (f); *Zugay v. Progressive Care, S.C.*, 180 F.3d 901, 902 (7th Cir. 1999). A claim is time-barred under Title VII in this state if a plaintiff fails to file a charge with the EEOC within 300 days of the alleged "unlawful employment practice." 42 U.S.C. § 2000e-5(e)(1); *Racicot v. Wal-Mart Stores, Inc.*, 414 F.3d 675, 677 (7th Cir. 2005).

The parties acknowledge that the last act of discrimination occurred in this case on June 11, 2004. As Heard did not file her charge with the EEOC until August 31, 2005, 446 days after the last discriminatory act, U.S. Steel contends that her claim is time-barred. It believes Heard cannot rely on her intake questionnaire because she failed to attach a copy of it to her complaint.

Though Heard's relation back theory is sound as a general proposition, *see, e.g., Edelman v. Lynchburg Coll.*, 535 U.S. 106, 116-19 (2002); *Philbin v. Gen. Elec. Capital Auto Lease, Inc.*, 929 F.2d 321, 323-24 (7th Cir 1991), given the Court's findings below, its application seems unlikely here. This is especially so given the lapse of almost 600 days (January 12, 2004 to August 31, 2005) before the filing of her charge. U.S. Steel has let these deficiencies lie. Instead, it relies exclusively on *Nolen v. City of Chicago*, No. 97-C-6608, 1998 WL 111675, at *2 (N.D. Ill. Mar. 4, 1998), in its opposition to the theory. U.S. Steel contends that under *Nolan*, Heard's failure to attach the intake questionnaire bars her from relying on it for her relation back argument. In other words, U.S. Steel thinks *Nolen* places an affirmative duty on a plaintiff to attach documents showing that her claim is not time-barred.

If U.S. Steel's reading of *Nolan* is correct, the case runs contrary to a long line of cases which hold that a plaintiff need not plead around affirmative defenses. *See, e.g., Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Doe*, 347 F.3d at 657; *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267 277 (3d Cir. 2004). If there is some additional requirement on this score peculiar to Title VII, U.S. Steel has not cited it. Heard's filing of the intake questionnaire, in the absence of further arguments from U.S. Steel, makes it impossible for the Court to say that the statute of limitations unmistakably bars Heard's claims. *See Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 535 (7th Cir. 2006); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) ("[A] a plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved . . . would entitle him to judgment.").

## II. Exhaustion

U.S. Steel claims Heard failed to exhaust her administrative remedies with respect to her retaliation claim and harassment claims as a result of her failure to raise these precise claims in her EEOC charge. Remarkably, though these issues are potentially dispositive of Heard's entire case, she failed to address them in her response.

As U.S. Steel properly notes, the scope of these proceedings is limited by the charge Heard filed with the EEOC. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1100 (7th Cir. 1992). The Seventh Circuit has put it this way:

> [A] claim in a civil action need not be a replica of a claim described in the charge, but there must be a reasonable relationship between the allegations in the charge and the claims in the complaint, and it must appear that the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.

*Vela v. Village of Sauk Village*, 218 F.3d 661, 664 (7th Cir. 2000) (internal quotations and citation omitted). "[C]laims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 689 (7th Cir. 2001). The standard is a liberal one, for "technicalities are particularly inappropriate in a statutory scheme [like Title VII] in which laymen, unassisted by trained lawyers, initiate the process." *Rush*, 966 F.2d at 1111.

For ease of analysis, the Court will recount the whole of Heard's description of her claims, as listed in the section marked "particulars," in the charge:

> 1. I was employed by the above in March 1988, I held the position of Laborer. I was subjected to harassment, discipline and discharged. I have a disability.
>
> 2. During my employment I was subjected to constant harassment by management. I reported the incidents of harassment. To the best of my knowledge no action was taken by the employer.

> 3. On June 9, 2004, I was placed on 5-day suspension for not being available to work due to my restrictions.
>
> 4. On June 11, 2004, I was informed by a letter from Richard Diak, Labor Relations Representative, that the five (5) day suspension was converted to discharge.
>
> 5. I believe that I have been discriminated against due to race, black; sex, female; and disability in violation, of Title VII. . . .

(Doc. 2-2 at 7). Heard checked the "discrimination based on" boxes for race, sex, and disability; she did not check the box for retaliation. Also of note, she listed June 9, 2004 as the earliest date of discrimination and June 11, 2004 as the last.

**A. Retaliation**

"Normally, retaliation, sex discrimination, and sexual harassment charges are not 'like or reasonably related' to one another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another." *Sitar v. Indiana Dept. of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). In certain circumstances, however, the different claims may be so interlinked (with respect to time, people and substance) that "to ignore that relationship . . . would subvert the liberal remedial purpose of the Act." *Id.* Courts have held as much in this Circuit, but not done so frequently. *See, e.g., Jenkins v. Blue Cross Mutual Hosp. Ins., Inc.*, 538 F.2d 164 (7th Cir. 1976); *Kristufek v. Hussmann Foodservice Co., Toastmaster Div.*, 985 F.2d 364, (7th Cir. 1993).

Heard's failure to check the retaliation block does not necessarily bar her from claiming that her supervisors and coworkers retaliated against her for complaining about harassment. *Kristufek*, 985 F.2d at 368; *Mohan v. Am. Tel. & Tel. Co.*, 97-C-7067, 1999 WL 495113, at *9 (N.D. Ill. June 30, 1999). But that failure, her failure to use the word "retaliation" in her narrative, her failure to allege that the harassment got worse after she complained, and her failure

to allege that she was harassed and terminated because she complained, means that she may not make a retaliation claim here. *Auston v. Schubnell*, 116 F.3d 251, 254 (7th Cir. 1999) (finding that plaintiff's failure to check the retaliation box or reference retaliatory conduct barred his retaliation claim); *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 544-45 (7th Cir. 1988). It is simply not reasonable to infer a retaliation claim from her narrative. *See Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003) (finding that plaintiff's failure to check the age-discrimination box, list her age, and the ages of those who received more favorable treatment precluded a reasonable inference that her charge raised an age-discrimination claim); *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002). Heard failed to exhaust her administrative remedies with respect to her retaliation claim.

**B. Harassment and Termination**

U.S. Steel claims the Court must dismiss Heard's remaining claims because her EEOC charge was too general and not factually related to the claims she has brought here. Though the line between an impermissibly general claim and permissible claim is sometimes fine, the Court has no difficulty finding that Heard may proceed on her claim that U.S. Steel terminated her because she was black, a woman, or both.

U.S. Steel relies primarily on *Rush v. McDonald's Corp.* for its claim that Heard's remaining claims are barred. In *Rush*, the plaintiff's charge read as follows:

> I began my employment as a Part-time word processor on November 11, 1985. I became a Full-time word processor on January 1, 1988. On May 6, 1988, I was told by Sharon Funston, Supervisor that I was being terminated. I believe that I have been discriminated against because of my race, Black.

966 F.2d at 1108. In the first count of her complaint, plaintiff asserted five forms of race-based discrimination, including termination and harassment. The Court of Appeals held that her

charge was sufficient to allow her to pursue her termination claim, but insufficient to allow her to pursue her harassment claim. *Id*. at 1111. Under *Rush*, Heard has clearly preserved her claim that U.S. Steel terminated her on the basis of her race or gender. She listed the day U.S. Steel suspended her, the day it terminated her and said she believed it terminated her because of her race and gender. It is difficult to imagine how she could have been clearer.

In *Rush*, the court also held that the plaintiff's statement, "I believe that I have been discriminated against because of my race, Black" was insufficient to preserve a claim of race-based harassment. *Id*. It was insufficient because it was too broad to allow the EEOC to perform its duty. *Id*. The same must be true of Heard's charge here. Saying that she was subject to constant harassment through the whole of her employment is no different from saying she believed she was discriminated upon because of her race. It simply does not focus EEOC's inquiry at all.

Moreover, the charge listed the dates of discrimination as June 9 to June 11, 2004. This restriction cannot be dispositive given the nature of the Court's inquiry, but it is certainly relevant. Perhaps if she had given any details of the harassing conduct - names, dates, specific incidents – it would be appropriate for her to pursue a harassment claim based on the conduct described in the complaint. But given the complete lack of any details not related to her termination, the only reasonable reading of the charge is that she directed it at her termination. To sue on a claim not raised in an EEOC charge, there must be a factual relationship between the charge and the complaint, they must "describe the same conduct and implicate the same individuals." *Haugerud*, 259 F.3d at 689. Given the complete lack of factual predicate for a

harassment claim in the charge, the Court cannot say that the requisite factual similarity exists.[1] Accordingly, the Court finds that Heard failed to exhaust her administrative remedies with respect to her claim for harassment.

In light of the Court's rulings on the exhaustion issues, it seems unlikely that Heard's relation back theory has any merit. As she only preserved the issue of her termination, which did not occur until well after she submitted her intake questionnaire, the Court's skepticism that the questionnaire would cure her failure to file a timely charge has matured to a virtual certainty. Nevertheless, as the parties did not brief that issue, it cannot serve as the basis for granting U.S. Steel's motion. Of course, U.S. Steel is entitled to pursue the issue on summary judgment whenever it sees fit.

## CONCLUSION

The Court **GRANTS in part and DENIES in part** U.S. Steel's motion to dismiss (Doc. 11). The Court **GRANTS** the motion as to Heard's retaliation and sexual harassment claims, which she may not pursue in this case. The Court **DENIES** the remainder of the motion.

**IT IS SO ORDERED.**

**DATED: December 21 , 2006**

**s/ J. Phil Gilbert**
**J. PHIL GILBERT**
**DISTRICT JUDGE**

[1] U.S. Steel urges the Court to construe Heard's failure to respond to its exhaustion arguments as an admission of their merits. The Court declines to make that finding with respect to her exhaustion of her discriminatory termination claim, because she plainly exhausted it.